UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| James E. Hardin, | ) | C/A No.: 7:12-cv-01818-GRA |
| --- | --- | --- |
| | ) | (Cr. No.: 7:00-cr-00314-GRA-2) |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court upon Petitioner's *pro se* Motion to Reconsider the Court's August 6, 2012 Order denying Petitioner James E. Hardin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and also deeming Petitioner's Motion to Reduce Sentence or Withdraw Plea, Motion to Clarify that Sentence has been Served/ to Remove Detainer or to Withdraw Guilty Plea (Writ of Habeas Corpus), and Motion to Proceed *in forma pauperis* as moot. For the reasons stated below, this motion is DENIED.

**Background**

On September 1, 2000, Petitioner pled guilty to robbery, in violation of 18 U.S.C. § 1951(a), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He was sentenced on January 29, 2001, to a term of 125 months imprisonment by the Court. At that time, state charges were pending against Petitioner for his alleged involvement in another armed robbery. The Court did not specify whether the federal sentence would run concurrently or consecutively to the anticipated

state sentence. On May 16, 2001, Petitioner was indeed subsequently sentenced to a term of thirty years in state prison on the unrelated charges. He is currently serving the thirty-year sentence, and upon release, will be taken into federal custody to fulfill the 125-month term of imprisonment imposed by this Court. *See* ECF No. 93.

Petitioner has filed several *pro se* motions asking that the Court grant him credit for time served in state prison, including a motion to vacate the sentence under 28 U.S.C. §2255. *See* ECF No. 91, 92, 93, & 94. The Court dismissed Petitioner's §2255 petition as untimely, and accordingly deemed the other motions as moot. In a Motion to Reduce Sentence, Petitioner stated that he "does not believe the federal court meant for the 10 year sentence to be consecutive to the pending state charges . . . How could [the] fed[eral] sentence be consecutive to a state sentence that had not yet even been imposed? I have completed my 125 mo[nths]." ECF No. 91. Likewise, in the §2255 petition, Petitioner asked that "he be resentenced to time served." ECF No. 93. In the present Motion for Reconsideration, Petitioner requests that the Court "reexamin[e] its decision and consider [the] federal sentence completed. [Petitioner] is just merely asking the court for credit [for] time served." ECF No. 102. Specifically, Petitioner is requesting that the state and federal sentences run concurrently through a retroactive *nunc pro tunc* designation.[1]

## **Analysis**

Petitioner, proceeding *pro se*, purports to bring the Motion for Reconsideration under Rule 27(b).[2] ECF No. 102. The Court is required to construe *pro se* documents

---

[1] A *nunc pro tunc* designation would give Petitioner credit toward his federal sentence for the time that he has served in state prison.

[2] Rule 27(b) states "(1) The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court. (2) The party who wants to perpetuate testimony may move for leave to take the

liberally, and such documents are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, the Count construes the present motion as a Rule 59(e) Motion to Alter or Amend a Judgment. The Fourth Circuit has held that a motion "filed under both Rule 59(e) and Rule 60(b) should be analyzed *only* under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010) (emphasis added). Under the current Federal Rules of Civil Procedure, a litigant has twenty-eight days to file a Rule 59(e) motion. FED. R. CIV. P. 59(e). The Court denied Petitioner's §2255 petition on August 6, 2012, and Petitioner filed the present motion on August 27, 2012, well within the twenty-eight day time limit. *See* ECF No. 99 and 102.

Motions under Rule 59 are not to be made lightly. *See Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Rule 59(e) allows a court to grant a motion for reconsideration in three instances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Petitioner does not assert either of the first two grounds in the present Motion for Reconsideration; thus, the motion may only be granted to "correct a clear error of law or to prevent manifest injustice." *Id.* Petitioner argues that the "Court mischaracterized his issue" and that he never received a copy of the Court's

---

depositions, on the same notice and service as if the action were pending in the district court . . . ." FED. R. CIV. P. 27(b).

Order asking Petitioner to "show that his [§2255] petition was timely filed." ECF No. 102. A copy of the Order was mailed on July 12, 2012, and Petitioner failed to provide the requisite response within fifteen days. ECF No. 95. Thus, the Court properly dismissed Petitioner's § 2255 petition on the basis that it was untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA).[3]

Further, even if the Court assumes that Petitioner's §2255 petition was timely filed, Petitioner would not have been entitled to relief, because he has failed to exhaust his administrative remedies. In *Setser v. United States*, 132 S.Ct. 1463, 1473 (2012), the Supreme Court held that federal district courts have the discretion to order that a defendant serve his federal sentence consecutively to an impending state sentence. In this case, however, the Court was silent on the issue. *See* ECF No. 53. In such instances, the Bureau of Prisons has the authority to designate a state prison facility as the "place of the prisoner's imprisonment." 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . ."); *see also Fortney v. Yancey*, No. 2:05-cv-2168-RBH, 2007 WL 1202766, at *4 (D.S.C. Apr. 20, 2007) ("18 U.S.C. § 3621(b) grants the BOP [Bureau of Prisons] discretion to select the place of a federal prisoner's confinement"). In order to receive a *nunc pro tunc* designation for the sentence, Petitioner must first

---

[3] The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Petitioner was sentenced on January 29, 2001, and did not file a §2255 petition until June 29, 2012—clearly outside the one-year period of limitation.

request such a designation from the Bureau of Prisons.[4]  Also, before this Court may review the decision, Petitioner must go through the Bureau of Prison's Administrative Remedies Program.  *See Setser*, 132 S. Ct. at 1473 (2012); *Bonner v. Rivera*, No. 8:07-cv-1498-GRA-BHH, 2008 WL 565494, at *5 (Feb. 29, 2008, D.S.C.).  Once Petitioner exhausts his administrative remedies, he may then file a habeas petition challenging the Bureau of Prison's designation pursuant to 28 U.S.C. §2241.  *See Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) ("Even if he had exhausted administrative remedies, his § 2255 motion would not be the appropriate vehicle for a challenge to an administrative denial of a request for designation of place of confinement.").  In this case, Petitioner has not filed any *nunc pro tunc* requests with the Bureau of Prisons; thus, he has not exhausted his administrative remedies.  Petitioner has therefore failed to show that the Court's prior decision was based on a clear error of law or that it created a manifest injustice, and the Court declines to grant Petitioner's Motion for Reconsideration.

## Conclusion

After a thorough review of this Court's previous order and Petitioner's current motion, the Court finds that its prior decision was and is correct as a matter of law.

---

[4] Although the Supreme Court held that district courts have the discretion to initially decide whether a sentence should run concurrently or consecutively, the Court did not address situations like the one at hand where the sentencing court is silent on the issue.  Recent decisions suggest that the Bureau of Prisons still has the authority to "designate the place of imprisonment under § 3621." *Cole v. Thomas*, No. 3:12-CV-412-ST, 2012 WL 3536808, at *2 (D. Or. Aug. 15, 2012); *see also Loveless v. Ziegler*, No. 5:11-cv-00991, 2012 WL 3614315, at *4 (S.D.W.V. Aug. 21, 2012 ) ("The *Setser* decision, however, made clear that the BOP's nunc pro tunc decision-making authority under § 3621(b) is not an exercise of sentencing authority, but a 'determin[ation] [of] how long the District Court's sentence authorize[s] it to continue [the defendant's] confinement.'  Thus, the Court considered the respective roles of the [Bureau of Prisons] BOP  and the judiciary and it cast no doubt on the propriety of the BOP making independent determinations of whether to retroactively designate a state facility for service of a prisoner's federal sentence . . . ").

Petitioner's motion contains nothing that compels the Court to alter its previous decision; thus, the Court DENIES Petitioner's Motion to Reconsider.

    **IT IS THEREFORE ORDERED** that Petitioner's Motion is DENIED.

    **IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 10, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**